1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHANNA EMM,

                                        Plaintiff,

          v.

YERINGTON PAIUTE TRIBE, *et al.*,

                                        Defendants.

Case No. 3:17-cv-00614-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiffs' Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

          *///*

1    "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

2    particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

3    (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be

4    absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,*

5    335 U.S. 331, 339 (1948).

6        A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee;

7    therefore, the application should be granted.

8                                    **II. SCREENING**

9    **A. Standard**

10       "The court shall dismiss the case at any time if the court determines that … the action or

11   appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or

12   (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

13   1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is

14   incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001)

15   (per curiam).

16       Dismissal of a complaint for failure to state a claim upon which relief may be granted is

17   provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks

18   that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. §

19   1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See*

20   *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a

21   plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is

22   the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").

23   Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of*

24   *America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

25       In reviewing the complaint under this standard, the court must accept as true the

26   allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts

27   in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

28   Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted

by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiffs' Complaint**

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) The caption names the Yerington Paiute Tribe and the Law Offices of Charles R. Zeh, Esq., as defendants, but the body of the complaint also names Thom, A. Laurie (Administrator/Tribal Chairwoman); Linda L. Howard (Tribal Council Member); Sandra M. Pickens (Tribal Court Judge); Dr. Bruce G. Vogel (Medical Director); Timothy C. Seward (Attorney); David E. Humke (Former Tribal Court Judge); D. Geoffrey D. Stommer (Attorney); Wayne M. Garcia (Former Tribal Chairman 2005); and James C. Van Winkle (Judge, Tribal Court of Appeals).

Plaintiff's complaint contains three counts, which she summarizes as having two components. First, she seeks to restore a medical malpractice claim that she previously filed against Dr. Vogel in the Yerington Paiute Tribal Court in 2007, but the complaint was dismissed as untimely and for lack of jurisdiction. She appealed to the Inter-Tribal Court of Appeals, and the appeal was also dismissed on May 22, 2008. Plaintiff filed another medical negligence claim in tribal court on December 12, 2015, which was dismissed on res judicata grounds. She appealed

- 3 -

this determination as well, but it was also dismissed. She sought to take the matter up with the Tribal Council, but was unsuccessful. The medical malpractice actions stemmed from allegations that on November 7, 2006, Dr. Vogel negligently twisted her neck in a chiropractic manipulation that collapsed her neck, and then denied her surgery for eight months, leaving her in pain.

Second, Plaintiff alleges the denial of due process rights by various tribal officials in connection with the dismissal of her complaint and appeal in tribal court; failure of the tribal council to take action to rectify the matter; and, alleged retaliation for filing the complaint which she claims culminated in the arrest of her son and withholding of her pay check.

The court will address the claims in reverse order.

Plaintiff's due process claims are predicated on 25 U.S.C. § 1302(a)(8), (9). 25 U.S.C. § 1301, *et. seq.,* is known as the Indian Civil Rights Act (ICRA). In enacting ICRA, Congress established a set of statutory protections for Indians against their tribal governments, which roughly parallel the constitutional rights identified in the Bill of Rights of the United States Constitution. *See Wasson v. Pyramid Lake Paiute Tribe*, 782 F.Supp.2d 1144, 1147 (D. Nev. 2011). The requirements of ICRA apply to an "Indian Tribe" when exercising "powers of self-government." ICRA defines "Indian tribe" as "any tribe, band, or other group of Indians subject to the jurisdiction of the United States and recognized as possessing powers of self-government." 25 U.S.C. § 1301(1). The "powers of self-government" are defined as:

> all governmental powers possessed by an Indian tribe, executive, legislative, and judicial, and all offices, bodies, and tribunals by and through which they are executed, including courts of Indian offenses[ ] and … the inherent power of Indian tribes, hereby recognized and affirmed, to exercise criminal jurisdiction over all Indians.

25 U.S.C. § 1301(2).

Plaintiff invokes two of the statutory protections provided for in ICRA. Section 1302(a)(8) provides, similar to the Fourteenth Amendment of the United States Constitution, that an Indian tribe, in exercising powers of self-government, shall not "deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law." Section 1302(a)(9) provides that an Indian tribes exercising the powers of

- 4 -

self-government shall not pass any bill of attainder or ex post facto law.

In *Santa Clara Pubelo v. Martinez*, 436 U.S. 49 (1978), the Supreme Court held that Congress did not provide for a private cause of action for violations of ICRA against the tribe or its officers, except for habeas review under 25 U.S.C. § 1303 ("[T]he writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."). The Supreme Court specifically noted that "Congress considered and rejected proposals for federal review of alleged violations of [ICRA] arising in a civil context." *Santa Clara Pubelo*, 436 U.S. at 67; *see also Williams v. Pyramid Lake Paiute Tribe*, 625 F.Supp. 1457, 1458 (D. Nev. 1986) ("[T]he only remedy Congress intended to redress violations of ICRA is a petition for a writ of habeas corpus. …Although a Tribe is bound by ICRA, a federal court has no jurisdiction to enjoin violations or to award damages for violations of that Act.").

While Congress enacted ICRA to provide tribal members with certain protections available under the United States Constitution, Congress was also concerned about maintaining the sovereign status of a tribe to create and maintain its own government. It was this reasoning that led to the determination that there could not be a private right of action for a violation of ICRA except for a petition for writ of habeas corpus contesting the validity of detention by a tribe. In this action, Plaintiff seeks damages, not her release from custody as she is not in custody of the tribe. To the extent she contests her son's custody, even assuming she could assert a habeas claim on his behalf, the complaint alleges that her son was fined and sentenced to thirty days in jail in 2016; therefore, he would no longer be in custody for this offense. Therefore, the court is without jurisdiction to entertain a suit for the alleged violations of ICRA, and those claims should be dismissed.

The court will now address Plaintiff's complaint insofar as she seeks to restore her medical negligence claim against Dr. Vogel. Plaintiff's complaint alleges that her tribal court actions were dismissed, at least in part, on the ground that the tribal court did not have jurisdiction because Dr. Vogel was a federal employee under the Federal Tort Claims Act (FTCA). Therefore, the court will construe Plaintiff's pro se complaint as asserting a medical negligence claim under the FTCA against Dr. Vogel.

In enacting the FTCA, Congress abrogated its sovereign immunity from suit in part to provide that the United States may be liable for damages for negligent torts committed by its employees (or certain independent contractors) acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Congress extended the FTCA to negligent acts of Tribal contractors carrying out contracts, grants, or cooperative agreements pursuant to Public Law 93-638, the Indian Self-Determination and Education Assistance Act. *See* 25 U.S.C. § 5321(d), 25 U.S.C. § 5396.

In the event Dr. Vogel was a tribal employee, tribal employees are deemed federal employees for purposes of the FTCA while acting within the scope of their employment in "carrying out" contracts or compacts under the Indian Self-Determination and Education Assistance Act, or there is a personal services contract with the tribe and the services are provided in a facility owned, operated or constructed under jurisdiction of Indian Health Service (an agency within the Department of Health and Human Services).

The complaint poses some questions about whether Plaintiff exhausted her administrative remedies with the applicable federal agency, in this case, the Department of Health and Human Services, and whether her claim is barred by the statute of limitations, but because the answers to these questions are not clear from the face of the complaint, they do not serve as a basis for dismissal at this juncture.

A claimant under the FTCA is required to first file an administrative tort claim with the applicable federal agency. 28 U.S.C. § 2675(a). The statute of limitations for claims brought under the FTCA is two years from the incident or when the claimant has knowledge of the alleged injury. 28 U.S.C. § 2401(b). This would seem to preclude Plaintiff's claim at this late juncture, but this conclusion does not take into account any applicable tolling of the statute of limitations. It should be noted that once an administrative tort claim is filed with the agency, the claimant must wait six months for the government to conduct its administrative review. If the case is not resolved during that six-month review period, the claimant may file suit at any time. If the government denies the administrative claim, suit must be filed within six months of the date of denial.

1    What is problematic for Plaintiff, however, is that Plaintiff's exclusive remedy under the

2    FTCA is a federal tort claim against the United States. The purported employee, Dr. Vogel, is

3    immune from civil liability. 28 U.S.C. § 2679. As a result, the FTCA claim should be dismissed

4    as to Dr. Vogel.

5    A pro se litigant should be allowed leave to amend his complaint to name the proper party,

6    unless it is clear no amendment could cure the defect. Therefore, Plaintiff should be given leave

7    to amend to assert the FTCA medical negligence claim against the proper party— the United

8    States. Plaintiff should keep in mind the administrative hurdles discussed above in determining

9    whether to file an amended complaint. In other words, if Plaintiff determines that she did not file

10    an administrative tort claim with the agency within two years of the incident (which, construing

11    the allegations liberally, Plaintiff alleges occurred between 2006 and 2009), or did not adhere to

12    the requirements for filing suit after the six-month administrative review period, it is likely any

13    amended complaint would ultimately be dismissed.

## III. RECOMMENDATION

15    **IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

16    (1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain

17    this action without the necessity of prepayment of fees or costs or the giving of security therefor.

18    This order granting IFP status does not extend to the issuance of subpoenas at government expense.

19    (2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1);

20    (3) **DISMISSING** the ICRA claims **WITH PREJUDICE**;

21    (4) **DISMISSING** the FTCA medical negligence claim against Dr. Vogel, but **WITH**

22    **LEAVE TO AMEND** to assert the claim against the proper party—the United States.

23    (5) Plaintiff should be given thirty days leave to amend from the date any order adopting

24    and accepting this Report and Recommendation is filed. Plaintiff should be advised that a failure

25    to timely file an amended complaint will result in dismissal of the action.

26    ///

27    ///

28    ///

1    Plaintiff should be aware of the following:

2    1. That she may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

3    this Report and Recommendation within fourteen days of receipt. These objections should be titled

4    "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by

5    points and authorities for consideration by the district judge.

6    2. That this Report and Recommendation is not an appealable order and that any notice of

7    appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

8    until entry of judgment by the district court.

9    DATED: March 28, 2018.

10

11   _____
     WILLIAM G. COBB
12   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28