UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHANNA EMM,<br><br>                          Plaintiff,<br>      v.<br><br>YERINGTON PAIUTE TRIBE, *et al.*,<br><br>                        Defendants. | Case No. 3:17-cv-00614-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

      Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R" or "Recommendation"), relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application") and *pro se* complaint. Plaintiff had until April 11, 2018 to file an objection. (ECF No. 3.) To date, no objection has been filed.

      This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

1 employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, the Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's Recommendation. The Magistrate Judge recommends granting Plaintiff's IFP Application. The Magistrate Judge further recommends dismissing Plaintiff's claims under the Indian Civil Rights Act ("ICRA") with prejudice and dismissing Plaintiff's claim under the Federal Torts Claim Act ("FTCA") against Defendant Dr. Bruce G. Vogel but permitting leave to amend to assert the claim against the United States. (ECF No. 3.) Having reviewed the complaint and the R&R, the Court agrees with the Magistrate Judge's recommendation.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's IFP Application (ECF No. 1) is granted. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

It is further that the Clerk file the complaint (ECF No. 1-1).

It is further ordered that the ICRA claims are dismissed with prejudice. The FTCA medical negligence claim against Defendant Dr. Vogel is dismissed. Plaintiff is given leave to amend her complaint to assert an FTCA medical negligence claim against the property party, which is the United States. Plaintiff will be given thirty (30) days to file an

amended complaint consistent with this order. Failure to file an amended complaint may result in dismissal of the FTCA claim with prejudice.

DATED THIS 18th day of April 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE