# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JOHANNA EMM,

Plaintiff,

v.

YERINGTON PAIUTE TRIBE, *et al.*,

Defendants.

Case No. 3:17-cv-00614-MMD-WGC

ORDER

This Court's April 18, 2018 Order dismissed all of Plaintiff Johanna Emm's claims but granted Plaintiff leave to amend her Complaint with respect to her claim arising under the Federal Torts Claim Act ("FTCA"). (ECF No. 4 at 2-3.) Plaintiff had until May 18, 2018, to file an amended complaint consistent with the Court's Order. (*Id.*) To date, Plaintiff has not filed an amended complaint.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

(dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *see also Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130.

Here, the Court finds that the first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The third factor—risk of prejudice to the defendant—also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's April 18, 2018 Order expressly stated that "[f]ailure to file an amended complaint may result in dismissal of the FTCA claim with prejudice." (ECF No. 4 at 2-3.) Thus, Plaintiff had adequate warning that dismissal would result from her failure to file an amended complaint.

///
///
///
///

It is therefore ordered that this case is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's April 18, 2018 Order.

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 22nd day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE